<u>NOT DESIGNATED FOR PUBLICATION</u>

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 1085

WILLIE MITCHELL

VERSUS

LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY,
LOUISIANA FARM BUREAU INSURANCE COMPANY,
ETHAN LEE, AND HAYDEN LEE

Judgment Rendered:  APR 1 6 2021

* * * * * *

On Appeal from the Twenty-First Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Docket No. 2016-0002743

Honorable Charlotte H. Foster, Judge Presiding

* * * * * *

Lawrence Blake Jones                    Counsel for Plaintiff/Appellant
David C. Whitmore                       Willie Mitchell
New Orleans, LA


Craig J. Robichaux                      Counsel for Defendants/Appellees
Rachael P. Catalanotto                  Louisiana Farm Bureau Casualty
Mandeville, LA                          Insurance Company and
                                        Hayden Ethan Lee

* * * * * *

BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.

**McCLENDON, J.**

In this personal injury case, the plaintiff appeals a trial court's judgment in favor of the defendants, dismissing her claims against them. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On October 12, 2016, the plaintiff, Willie Mitchell, filed a Petition for Damages, alleging that she suffered personal injuries in a motor vehicle accident that occurred in Tangipahoa Parish on October 15, 2015. Ms. Mitchell named as defendants, Hayden Ethan Lee and his insurer, Louisiana Farm Bureau Casualty Insurance Company.[1] Following a bench trial, the trial court took the matter under advisement and, on May 28, 2020, issued Reasons for Judgment, finding that Ms. Mitchell failed to prove by a preponderance of the evidence that Mr. Lee was at fault in causing the accident. On June 15, 2020, the trial court signed a judgment in favor of the defendants, dismissing Ms. Mitchell's claims against them with prejudice. Thereafter, Ms. Mitchell appealed, asserting that the trial court's judgment was manifestly erroneous and clearly wrong.

## STANDARD OF REVIEW

When reviewing factual findings made by the trier of fact, including the allocation of fault, this court is required to apply the manifest error standard of review. See **Stobart v. State through Dept. of Transp. and Development**, 617 So.2d 880, 882 (La. 1993). Under the manifest error standard, which demands that great deference be given to the trial court's factual findings, the issue to be resolved on appeal is not whether the trial court was right or wrong, but whether its conclusions are reasonable. **Adams v. Rhodia, Inc.**, 07-2110 (La. 5/21/08), 983 So.2d 798, 806. If the factual findings are reasonable in light of the record reviewed in its entirety, a reviewing court may not reverse even though convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently. **Adams**, 983 So.2d at 806.

---

[1] Mr. Lee's father, Hayden Lee, was also named as a defendant, but he was subsequently dismissed from the suit. Additionally, Ms. Mitchell filed an amended petition to correct the name of Mr. Lee.

2

This is especially true when the trial court's factual findings are based on witness credibility; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. **Rosell v. ESCO**, 549 So.2d 840, 844 (La. 1989); **Schexnayder v. Bridges**, 15-0786 (La.App. 1 Cir. 2/26/16), 190 So.3d 764, 773. Thus, a factfinder's conclusions, based on its decision to credit the testimony of one of two or more witnesses, can virtually never be manifestly erroneous. **Rosell**, 549 So.2d at 845; **Adams**, 983 So.2d at 807. Accordingly, where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous. **Rosell**, 549 So.2d at 844; **Schexnayder**, 190 So.3d at 773.

Further, in reaching its conclusions, the trier of fact is free to accept or reject, in whole or in part, the testimony of any witness. **Pennison v. Carrol**, 14-1098 (La.App. 1 Cir. 4/24/15), 167 So.3d 1065, 1076, writ denied, 15-1214 (La. 9/25/15), 178 So.3d 568. Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, reasonable inferences of fact should not be disturbed on appeal. **Scoggins v. Frederick**, 98-1814 (La.App. 1 Cir. 9/24/99), 744 So.2d 676, 687, writ denied, 99-3557 (La. 3/17/00), 756 So.2d 1141.

## DISCUSSION

Ms. Mitchell's claims in this case are based upon Mr. Lee's alleged negligence. Louisiana courts have adopted a duty-risk analysis in determining whether liability exists under the facts of a particular case. **Brewer v. J.B. Hunt Transport, Inc.**, 09-1408 (La. 3/16/10), 35 So.3d 230, 240. In order for liability to attach under the duty-risk analysis, the plaintiff must prove the following separate elements: (1) the defendant had a duty to conform his conduct to a specific standard; (2) the defendant failed to conform his conduct to the appropriate standard; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages. **Id.** A negative answer

3

to any of the elements of the duty-risk analysis prompts a no-liability determination. **Jenkins v. Hernandez**, 19-0874 (La.App. 1 Cir. 6/3/20), 305 So.3d 365, 371, <u>writ denied</u>, 20-00835 (La. 10/20/20), 303 So.3d 315. In an action to recover damages for injuries allegedly caused by another's negligence, the plaintiff has the burden of proving negligence on the part of the defendant by a preponderance of the evidence. **Hanks v. Entergy Corp.**, 06-477 (La. 12/18/06), 944 So.2d 564, 578.

Ms. Mitchell, who was seventy-nine-years-old at the time of the trial, testified that she was driving her 2001 Saturn XT on West Oak Street in Amite when she was involved in a hit-and-run accident with a pickup truck pulling a trailer. Ms. Mitchell stated that she had exited from a bank parking lot, turning left into the center lane of Oak Street to go to Interstate 55, when the truck and trailer came into her lane, and the trailer collided with her vehicle. Ms. Mitchell testified that the trailer hit her front wheel on the passenger side and flipped over her car.[2] She stated that the truck did not stop, and she had to chase it onto the interstate to obtain the vehicle license plate number. The police were not called to the accident scene. However, Ms. Mitchell went to the Amite Police Department a few hours later and reported the incident and provided the license plate information.

Myrtle Brumfield, who was Ms. Mitchell's sitter and a passenger in Ms. Mitchell's vehicle at the time of the accident, testified in her deposition that something hit them, which "shook the car." Ms. Brumfield also testified, in contrast to Ms. Mitchell, that nothing went on top of Ms. Mitchell's car.

Mr. Lee testified that he was traveling in his 2005 Dodge pickup truck in the left lane of Highway 16 heading towards the interstate and pulling a thirty-foot-long trailer loaded with horses. He stated that he was aware of the car in the turning lane that appeared to be trying to merge into traffic and passed it. Mr. Lee stated that to his knowledge, he had no contact with Ms. Mitchell's vehicle.

---

[2] Photographs of Ms. Mitchell's vehicle introduced at trial show some minor damage to the front passenger-side of her vehicle. However, these photos were taken on May 9, 2018, two and a half years after the accident and subsequent to Ms. Mitchell's deposition in this matter.

4

However, he testified that he "did see the front of the vehicle go down like she was braking hard." Mr. Lee further stated that he saw the vehicle catch up next to him and pass him, which led him to believe that no damage occurred.[3]

In its Reasons for Judgment, the trial court made the following factual findings, stating:

> On October 15, 2015, Ms. Willie Mitchell and Mr. Hayden Ethan Lee were involved in a traffic collision on West Oak Street in Amite, Louisiana. At trial, Ms. Mitchell testified and the Court heard evidence of several inconsistent statements given by Ms. Mitchell regarding the collision. The Court finds that Ms. Mitchell's trial testimony and none of the statements given by Ms. Mitchell are corroborated by the very limited physical evidence submitted at trial. Because of these inconsistencies and lack of corroboration, the Court finds that Ms. Mitchell, although a very nice elderly lady, was simply not credible. On the other hand, Mr. Hayden Ethan Lee's trial testimony was consistent with the very limited physical evidence submitted at trial.
>
> Accordingly, the Court finds that the plaintiff, Ms. Willie Mitchell did not prove by a preponderance of the evidence that Mr. Hayden Ethan Lee was at fault in causing the accident.

We have carefully considered the evidence in the record, and we cannot say that the findings of the trial court are manifestly erroneous. Ms. Mitchell gave different versions of the incident in question. At the police station, she reported that she was driving in the left-hand travel lane and that the truck merged into her lane of travel. In her petition and discovery responses, Ms. Mitchell averred that she was in the right lane. At trial, she testified that she was in the central lane or, what she called the neutral lane. Ms. Mitchell also reported to the police that the accident occurred at 9:00 a.m., but in her petition and discovery responses stated that the time was approximately 11:00 a.m.[4] Additionally, Ms. Mitchell testified at trial that, besides Ms. Brumfield, her niece and niece's child were in the vehicle at the time of the accident. In her deposition, Ms. Mitchell stated that only Ms. Brumfield was in the car and that her niece was in the bank when the accident

---

[3] Mr. Lee also testified that when he reached his destination, "just out of curiosity," he checked on his trailer and there was no damage indicating that he hit anyone.

[4] Ms. Mitchell testified at trial that her version of the incident given to the officer at the police station was inaccurate, as were her discovery responses.

occurred. Ms. Brumfield additionally testified that Ms. Mitchell's niece and her niece's friend were in the back seat.

The trial court weighed the evidence and assessed the witnesses' credibility. As the trier of fact, the trial court was free to accept or reject the testimony of any witness and chose one of two permissible views of the evidence. Based on the record before us, we cannot say that the trial court was manifestly erroneous or clearly wrong.

## CONCLUSION

For the foregoing reasons, the June 15, 2020 judgment is affirmed. All costs of this appeal are assessed to the plaintiff, Willie Mitchell.

**AFFIRMED.**